IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL WESLEY-EL, #32534-037 | * |
| Petitioner, | *   Civil Action No. CCB-17-1863 |
| | *   Rel. Crim. No. CCB-97-33 |
| v. | * |
| TIMOTHY S. STEWARD, Warden, | * |
| Respondent. | * |

***

## MEMORANDUM

Samuel Wesley-El is incarcerated at the Federal Correctional Institution in Cumberland, Maryland. On July 6, 2017, he filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1997 federal sentence. (Petition, ECF No. 1.) Wesley-El alleges his prior Maryland state conviction was improperly used to enhance his sentence, and asks to be resentenced. (*Id*. at 8.) No hearing is necessary to resolve the petition.

## BACKGROUND

Wesley-El is serving concurrent life sentences imposed by this court on July 23, 1997, after a jury convicted him of drug distribution and related charges. *United States v. Wesley*, Criminal Action No. CCB-97-33 (D. Md. 1997). His convictions were upheld on direct appeal to the United States Court of Appeals for the Fourth Circuit. *United States v. Wesley*, 165 F.3d 22 (4th. Cir. 1998) (unpublished).

Wesley-El's first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was considered and denied on May 19, 2004. *Wesley-El v. United States*, Civil Action No. CCB-02-1749 (D. Md. 2004). On July 28, 2008, he filed a habeas petition under 28 U.S.C. § 2241, which the court construed as a successive § 2255 motion and dismissed on July 31, 2008. *Wesley-El v. Whitehead*, Civil Action No. CCB-08-1958 (D. Md. 2008). On January 7, 2014,

Wesley-El filed another § 2255 motion, which was dismissed as successive on May 31, 2017. *Wesley-El v. United States*, Civil Action No. CCB-14-41 (D. Md. 2017).

In the instant petition, Wesley-El argues that his sentence is improper in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) (explaining the process for determining whether state crimes can be used as predicate offenses under the Armed Career Criminal Act ("ACCA")). He avers that his prior Maryland convictions were not enumerated under the 18 U.S.C. § 841(b) or USSG § 4B1.1, and therefore do not qualify as predicates for sentence enhancement.

## DISCUSSION

As a preliminary matter, the court must decide whether this claim is properly raised in a § 2241 petition or is, instead, more appropriately considered under 28 U.S.C. § 2255. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct legal mechanisms for obtaining post-conviction relief. The substance of the petition, and not its title, determines its status. *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (a court may recharacterize a pro se motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.").

A federal prisoner may not collaterally attack a conviction and sentence in a § 2241 petition unless the exception commonly called "the savings clause" set forth at 28 U.S.C. § 2255(e) applies. The savings clause permits a prisoner to challenge the validity of a conviction where the remedy available is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). This exception is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" *In re Vial*, 115 F.3d 1192, 1194 n.5

(4th Cir. 1997) (en banc). A § 2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive §2255 motions. *See id.* A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F. App'x 72 (4th Cir. 2001).

In this circuit, a § 2255 motion is inadequate and ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34. At the time of his conviction, settled law established the legality of Wesley-El's conviction. Thus, the first requirement of the *Jones* standard is met. As recently discussed by Judge Hollander, however, the Supreme Court did not establish a new rule of constitutional law in *Mathis*. *See Gary v. Kallis*, Civil Action No. ELH-17-1255, 2017 WL 2242680, * 5 (D. Md. May 23, 2017) (collecting cases). Thus, the court need not consider whether *Mathis* decriminalized the conduct for which Wesley-El was convicted. As Wesley-El cannot satisfy his burden to meet the three requirements of the *Jones* standard, he may not proceed under § 2241. Further, the Fourth Circuit has held that the savings clause does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

Wesley-El is not entitled to pursue habeas corpus relief under § 2241, and this case will be dismissed for lack of jurisdiction. To the extent Wesley-El's petition may be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, it is successive, and

absent evidence of pre-filing authorization from the court of appeals, may not be considered by this court.  *See* 28 U.S.C. § 2255(h).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing 28 U.S.C. § 2253(c)(2)).  Insofar as a certificate of appealability may be required to appeal this decision, the court finds the legal standard for issuance has not been met and declines to issue a certificate of appealability.

## CONCLUSION

For these reasons, the court will dismiss the petition without prejudice for lack of jurisdiction.  A certificate of appealability will not issue.  A separate order follows.


7/27/17                             /S/
Date                      Catherine C. Blake
                          United States District Judge